UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD C. ALLEN,<br><br>      Plaintiff,<br><br>v.<br><br>WESTERN GOVERNORS UNIVERSITY, *et al.*,<br><br>      Defendants. | Case No. 2:25-cv-00325-RFB-NJK<br><br>**Order**<br><br>[Docket No. 1] |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis*. Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis*, Docket No. 1, is **GRANTED** pursuant to 28 U.S.C. § 1915(a). Plaintiff is not required to pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs of the giving of a security therefor. This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense. The Clerk's Office is further **INSTRUCTED** to file the complaint, Docket No. 1-2, on the docket.

Upon granting an application to proceed *in forma pauperis*, the Court generally screens the complaint pursuant to 28 U.S.C. § 1915(e). The purpose of this screening process is to protect defendants from bearing the expense of responding to frivolous or malicious suits. *See, e.g., Nordstrom v. Ryan,* 762 F.3d 903, 907 n.1 (9th Cir. 2014). In this case, however, Defendants have filed a motion to dismiss. Docket No. 15. Given those circumstances, screening the complaint in this case would serve no purpose because Defendants have already appeared. *Cf. Johnson v. Barrett*, 2020 WL 6330016, at *4 (D. Nev. Aug. 31, 2020) ("when defendants file a responsive

pleading, such as a motion to dismiss, the need for screening is obviated"). Accordingly, the Court will not screen the complaint in this case.

        IT IS SO ORDERED.

        Dated: April 22, 2025

                                            Nancy J. Koppe
                                            United States Magistrate Judge