COMP
EDWARD C. ALLEN
1930 Village Center Circle, Ste 3-525
Las Vegas, NV 89134
310-770-8495   Email: legalify@gmail.com
*Plaintiff in Pro se*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD C. ALLEN, an individual<br><br>Plaintiff,<br><br>v.<br><br>WESTERN GOVENORS UNIVERSITY, a Non-profit Domestic Corporation; Kumar Pandya an individual; Allen C. Clarkson an individual; Elizabeth Krippner, an individual; Liz Moenich, an individual; Stan Schmidt, an individual; Brian Hicks, an individual; Heather Renee West an individual; Rochelle Snydor Kahl, an individual; Robbyn Micheals, an individual; Rachel Lay, an individual; DOES I-XX and ROES I-X inclusive.<br><br>Defendants. | CASE NO.:<br> Assigned to:<br><br>**PLAINTIFF'S COMPLAINT AGAINST DEFENDANTS**<br><br>**CLAIMS EXEMPT FROM ADR PROGRAMS** –<br>(Constitutional and Statutory Claims/ Equitable and Declaratory Relief / Unusual Circumstances /Public Policy/ Precedential Importance )<br><br>**JURY DEMAND** |

Plaintiff EDWARD C. ALLEN, by and through himself in pro se hereby submits this Complaint and Jury Demand against Defendant Corporation of Western Governors University and multiple individual ("Defendants"), (WGU et al).

Plaintiff alleges against Defendants, and each of them as follows:

## INTRODUCTION

This case arises from Allen, a distinguished scholar and **third-time master's program alum**, enrolled at WGU in good faith, relying on the university's explicit and implied promises of delivering a supportive, transparent, and equitable educational experience. WGU assured compliance with **federal law**, including the **Americans with Disabilities Act (ADA)** and **Section 504 of the Rehabilitation Act**, guaranteeing reasonable accommodations and nondiscriminatory treatment for students with disabilities. WGU also promised to adhere to its own institutional policies to provide an environment conducive to completing academic programs.

The Plaintiff ("Allen") complains against the wrongful conduct of Defendant Western Governors University ("WGU"), an online non-profit educational institution that failed to honor its contractual, statutory, ethical obligations to Allen, a dedicated senior citizen, disabled student, 3rd WGU master's alum candidate pursuing his academic and professional goals. WGU's actions have caused Allen significant financial, emotional, and professional harm, violating his rights under the Americans with Disabilities Act (ADA), Nevada state laws, and First Amendment rights and various federal statutes.

Allen enrolled at WGU with the legitimate expectation of receiving an equitable, accessible, and supportive education, consistent with WGU's advertised commitments to ADA compliance and student success. Despite Allen's documented disability and his repeated requests for reasonable accommodation, WGU relied on inadequate third-party proctoring systems, administrative capricious arbitrary and biased decisions that systematically failed to meet Allen's support and accessibility needs. When Allen freely protested expressing justified frustration and reasonable concerns and furthermore within email communications from the privacy of his home, over WGU's cascade of failings,

WGU retaliated by subjecting him to disciplinary student conduct hearings effectively terminating his pursuit of a degree (Master of Education, Instructional Design) when **only a capstone project remained**.

WGU's conduct was purposefully compounded by its deliberate misrepresentation of its capabilities to provide ADA-compliant accommodations, its concealment of alternative proctoring options, and its publication of false and defamatory outrageous statements about Allen's character (WGU chose to embrace an egregious exacerbation by Allen's mentor Elizabeth Krippner that Allen was a threat to life and limb to Krippner and her family. Allen is a senior citizen nowhere near the physical proximity of Krippner and never was, nor was evidence ever provided to support such an outrageous statement, yet WGU choose to believe it and retaliate against Allen).

WGU et al breached the enrollment agreement, damaged Allen's academic record and reputation, humiliated and left Allen burdened with financial obligations tied to federal loans without the corresponding benefits of completing his degree and furthermore damaging Allen's academic record and subverting Allen's proactive advantages of having otherwise attained his degree.

## **THE PARTIES**

1.    At all times relevant herein Plaintiff EDWARD C. ALLEN is a resident of the State of Nevada, Clark County.

2.    At all times relevant herein Defendant(s) Western Governors University (WGU), a private non-profit educational corporation, organized under the laws of the state of Utah, with its principal place of business located at: 4001 South 700 East, Suite 700, Salt Lake City, Utah 84107 licensed to conduct business in the State of Nevada, County of Clark.

3.    At all times relevant herein Defendant(s) Kumar Pandya ; Allen C. Clarkson; Elizabeth Krippner; Liz Moenich,; Stan Schmidt,; Brian Hicks; Heather Renee West; Rochelle Snydor Kahl; Robbyn Micheals; Rachel Lay;  DOES I-XX and ROES I-X inclusive while specific addresses are unknown yet discoverable were doing business as causal vicarious operators  employed  through WGU  in the State of Nevada, County of Clark.

4.    The true names and capacities, whether individual, corporate, associate or otherwise of Defendant(s) named herein as DOES and ROES I through X, or otherwise inclusive are unknown to Plaintiff, who therefore, sues said Defendant(s) by said fictitious names; Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as DOES and ROES  or otherwise named was negligent or responsible in some manner for the events and happenings which proximately caused damages to Plaintiff as herein alleged. The plaintiff will ask leave to amend the instant Complaint to insert the true names and capacities of DOES and ROE Defendants I through X or otherwise named when the same has been ascertained.

5.    At all times pertinent hereto, each of the individual named within the above-entitled caption as Defendants was and is an agent, servant, employee, collaborator or joint venture partner of each other Defendant herein, acting within the scope and course of said agency, employment or joint venture with knowledge, permission, and consent of all other Defendants.

6.    That the Defendants were put on adequate and fair notice during Allen's enrollment and subsequently by July 2022 Notice and Demand of such violations.

7.    WGU chose to ignore accountability.

8.      Plaintiff Allen is with no other option than to file this instant complaint and concurrently additional filing of state-related claims complaint in State of Nevada Eighth Judicial District Court, County of Clark.

**<u>STATUTE OF LIMITATIONS TOLLING IS JUSTIFIED</u>**

**I. Introduction**: Legal and factual justifications for tolling the statute of limitations in Edward C. Allen's federal and state complaints against Western Governors University (WGU) and other named defendants. Given the unique circumstances surrounding WGU's misconduct, fraudulent concealment, ongoing violations, and Allen's disability-related challenges, multiple legal doctrines justify extending the limitations periods.

**II. Applicable Legal Doctrines Supporting Tolling**

**A. Fraudulent Concealment Tolling** Under federal and Nevada law, the statute of limitations is tolled when a defendant fraudulently conceals facts that prevent the plaintiff from filing a timely claim. WGU's repeated misrepresentations about Allen's ability to complete his program, its failure to disclose alternative accommodations, and its administrative obfuscation prevented Allen from recognizing and asserting his legal rights until much later.

- **Case Law:** *Bailey v. Glover*, 88 U.S. 342 (1875) – The Supreme Court held that fraudulent concealment tolls the statute of limitations when a defendant misleads or withholds crucial information.

- **Nevada Authority:** *Tom v. First Am. Title Co.*, 93 Nev. 309, 312, 564 P.2d 1200 (1977) – Nevada recognizes fraudulent concealment as grounds for tolling when a party prevents discovery of the cause of action.

**B. Discovery Rule Tolling** The **discovery rule** applies where a plaintiff could not have reasonably discovered the injury and its cause until a later date. Allen did not fully realize the extent of WGU's wrongful conduct, including its discriminatory practices and pretextual expulsion, until he attempted to resolve the matter administratively and was met with resistance and deception.

- **Case Law:** *Rotella v. Wood*, 528 U.S. 549 (2000) – The statute of limitations does not begin to run until the plaintiff discovers, or reasonably should have discovered, the harm.

- **Nevada Authority:** *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1024, 967 P.2d 437 (1998) – The Nevada Supreme Court recognizes the discovery rule in cases where a plaintiff could not have reasonably known the injury existed.

**C. Continuing Violation Doctrine** WGU engaged in **ongoing violations** of federal and state law by persistently denying Allen's ADA accommodation, misleading him about his academic standing, and retaliating against him for lawful speech. These continued actions justify tolling under the continuing violation doctrine.

- **Case Law:** *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) – The Supreme Court held that for ongoing violations, the statute of limitations begins when the last discriminatory act occurs.

- **Nevada Authority:** *City of Reno v. Reno Police Protective Ass'n*, 118 Nev. 889, 897, 59 P.3d 1212 (2002) – Recognizing the continuing violation doctrine in cases of ongoing misconduct.

**D. Equitable Tolling Due to Disability and COVID-19** Allen, a senior citizen with a documented disability, faced additional barriers in pursuing his claims due to **COVID-19 restrictions** and WGU's administrative delays. Equitable tolling applies when external circumstances beyond a plaintiff's control prevent timely filing.

- **Case Law:** *Holland v. Florida*, 560 U.S. 631 (2010) – Equitable tolling applies when extraordinary circumstances prevent timely filing despite diligent efforts.

- **Nevada Authority:** *Seino v. Employers Ins. Co. of Nevada*, 121 Nev. 146, 151, 111 P.3d 1107 (2005) – Equitable tolling applies in Nevada where fairness dictates an extension due to external barriers.

**E. COVID-19 Emergency Tolling** During the COVID-19 pandemic, numerous jurisdictions, including **federal and Nevada state courts**, implemented tolling provisions due to government-imposed restrictions.

- **Authority:** Nevada Supreme Court Administrative Order (AO-0017), issued in response to COVID-19, provided for tolling of statutes of limitations due to pandemic-related disruptions.

**III. Application to Allen's Claims** Given the above tolling principles, Allen's claims remain **timely and valid** because:

1. **Fraudulent concealment:** WGU actively misled Allen regarding his academic standing and the availability of accommodations.

2. **Discovery Rule:** Allen only became fully aware of WGU's legal violations after exhausting internal administrative remedies.

3. **Continuing Violation Doctrine:** WGU's misconduct was not a singular event but a **series of discriminatory and retaliatory and injurious actions**.

4. **Equitable Tolling:** Allen, a **disabled senior citizen**, faced significant legal and logistical barriers, exacerbated by **COVID-19 restrictions**.

**IV. Conclusion** – **Allen's Complaint is timely and ripe**.

Plaintiff's lawsuit is timely and ripe for adjudication within the legal timeframe, and WGU's wrongful actions warrant full judicial review.(Nevada's contract, and consumer protection laws -Breach of Written Contract (NRS 11.190(1)(b)) – 6-Year Statute of Limitations / Deceptive Trade Practices (NRS 598.0915 & 598.0923) – 4-Year Statute of Limitations -See dates on Exhibits A-D). WGU's actions resulted in tangible harm, and Allen's claims fall well within the applicable statutory deadlines. Accordingly, this Court should find that Plaintiff's claims are properly made before the Court and should proceed to full adjudication. Allen's claims are not time-barred under **federal or Nevada law** due to the application of **fraudulent concealment, discovery rule, continuing violations, and equitable tolling principles**. Therefore, the statute of limitations has not expired on Allen's instant claims.

## <u>JURISDICTION AND VENUE ARE PROPER IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA</u>

1. <u>**Jurisdiction**</u>

  o This Court has subject matter jurisdiction over Plaintiff's claims pursuant to:

- o **28 U.S.C. § 1331**: Federal question jurisdiction for claims arising under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and other federal statutes.

- o **28 U.S.C. § 1367**: Supplemental jurisdiction over Plaintiff's state law claims, as they form part of the same case or controversy as the federal claims.

- o This Court also has *personal jurisdiction* over Defendant pursuant to **Nevada Revised Statutes § 14.065** and **Rule 4(k)(1)(A)** of the Federal Rules of Civil Procedure, as Defendant conducts substantial business in Nevada and has purposefully availed itself of the privileges of conducting activities in this forum.

2. **Federal Venue: Venue Provisions**-Venue in federal court is governed by **28 U.S.C. § 1391**, which establishes the appropriate district for filing a lawsuit. The following provisions support filing in Nevada:

A. **28 U.S.C. § 1391(b)(1)**:

- o **Rule**: Venue is proper in a district where any defendant resides if all defendants are residents of the state where the district is located.

- o **Application**: WGU has a registered agent in Nevada and conducts substantial business in the state, qualifying it as a resident for venue purposes.

B. **28 U.S.C. § 1391(b)(2)**:

- o **Rule**: Venue is proper in a district where a substantial part of the events or omissions giving rise to the claim occurred.

- o **Application**: The harm to Allen occurred in Nevada, including denial of ADA accommodations, financial harm, and reputational damage.

**C. 28 U.S.C. § 1391(c)(2)**:

- o **Rule**: An entity resides in any judicial district where it is subject to the court's personal jurisdiction.

- o **Application**: WGU is subject to personal jurisdiction in Nevada because it conducts business there, making Nevada a proper venue.

Federal jurisdiction and venue for Allen's claims against WGU in Nevada are firmly supported by:

- **Federal Rules of Civil Procedure Rule 4(k)(1)(A)** for personal jurisdiction.

- **28 U.S.C. § 1391** for venue.

- Extensive federal case law establishing principles of minimum contacts, purposeful availment, and forum convenience.

## **FACTUAL ALLEGATIONS**

1. Allen is reasonably an aging human being- an "elder" senior citizen, (now 66)and with a fully professional history of documented learning handicap / disability, protected under the ADA , and always relevant to the matter herein and well accepted, throughout Allen's previous WGU enrollment (M.B.A, M.S.ML)fully noticed, known, and accepted to WGU since Allen enrolled for his M.B.A master's program in 2014 successfully graduating in 2015.

2. Allen subsequently enrolled at WGU in May of 2018, attaining a Master of Science in Mgmt. & Leadership successfully graduating by April 2019.

3. Allen relied on WGU's previous representations that WGU would continue to provide an equitable, inclusive, and supportive educational environment.

4. Allen relied on WGU's promise to adhere to its own institutional policies to provide an environment conducive to completing academic programs.

**Systematic Failures and Outrageous Negligence**:

5.. WGU's conduct constitutes a **systematic failure** and **outrageous negligence**, which transformed a straightforward degree completion process into a debacle that caused irreparable harm to Allen. Specific failures include:

6.   **Failure to Accommodate**: WGU repeatedly failed to implement ADA-compliant accommodation for Allen's documented disabilities, despite multiple requests and clear awareness of his needs.

7. **Retaliatory Conduct**: WGU unjustly expelled Allen shortly before he could complete his capstone—a retaliatory and pretextual action that disregarded his academic progress and good faith participation.

8. **Negligence and Oversight**: WGU failed to identify and rectify its internal issues, including its reliance on third-party proctoring systems that exacerbated Allen's challenges instead of supporting his success.

 **Detriment to Allen's Good Faith Efforts**:

9. As a scholar committed to advancing his education and career, Allen's efforts were made in good faith and with the expectation of a clear pathway to completing his program. Instead, WGU's misconduct caused:

- **Time Displacement**: Significant loss of time Allen invested in coursework, examinations, and communications due to WGU's ongoing negligence.

- **Opportunity Cost**: WGU's actions deprived Allen of professional and academic opportunities tied to obtaining his master's degree. Completing the degree would have enhanced his **career credibility**, opened avenues for employment, and

positioned him for greater economic advancement. WGU's wrongful conduct denied Allen these opportunities.

- **Emotional and Financial Harm**: Allen suffered emotional distress, reputational damage, and financial loss due to unjust tuition payments, loan obligations, and accrued interest directly resulting from WGU's failures.

**Fraud in the Inducement**:

10. WGU knowingly misrepresented its ability and intent to provide a supportive, compliant, and equitable educational environment. These false assurances were material to Allen's decision to enroll, constituting **fraud in the inducement**.

11. Had WGU been forthright about its deficiencies in delivering ADA accommodation and proper oversight, Allen would not have entrusted his time and financial resources to the institution.

12. Legal Violations:

WGU's actions and omissions violate:

- **Americans with Disabilities Act (42 U.S.C. § 12101 et seq.)**.
- **Section 504 of the Rehabilitation Act (29 U.S.C. § 794)**.
- Nevada's **Deceptive Trade Practices Act (NRS § 598.0915)**, for failing to deliver promised services and misleading a consumer stakeholder.
- Common law principles of **negligence**, **breach of contract**, **fraud**, and **retaliation**.

**Outrageous and Reckless Misconduct**:

13. WGU's actions reflect a reckless disregard for its duty of care and obligations to its students, particularly Allen. Their arbitrary and capricious expulsion of a high-performing student with established credentials highlights not only institutional

negligence but a **wanton disregard for fairness** and the reasonable expectations of a dedicated learner.

 **Relief Sought**:

14. As a direct result of WGU's egregious conduct, Allen seeks the following relief:

- **Compensatory Damages**: Recovery for financial losses, including tuition costs, student loan obligations, accrued interest, and opportunity costs.

- **Non-Economic Damages**: Compensation for emotional distress, mental anguish, and harm to Allen's professional reputation.

- **Declaratory Relief**: A declaration correcting Allen's academic record and confirming WGU's breaches of its obligations.

- **Injunctive Relief**: An order compelling WGU to implement compliant ADA processes and prevent further harm to students.

- **Punitive Damages**: To punish WGU's outrageous misconduct and deter similar behavior from institutions entrusted with the education and well-being of students.

15. WGU promised adherence to federal laws, including compliance with the **Americans with Disabilities Act (ADA)** and Section 504 of the **Rehabilitation Act**, by providing reasonable accommodations for students such as Allen with disabilities. WGU further represented that it operated with integrity, transparency, and fairness in its dealings with students.

16. Allen provided full documentation to WGU of his disability assessment to WGU at all times relevant to this matter and previously on the record with WGU since 2014.

17. Allen returned to WGU as an Alum and third master's degree candidate, enrolled May 2019 to the WGU  College of Education - Masters in Education -Instructional Design(MEID).

18. In February 2020 Allen received an "Excellence Award" commendation for his exemplary work in the Evaluation Methodology and Instrumentation Task 1.

19. Allen proceeded steadfast to complete the MEDID degree until circa June 2020 due to vagueness of instruction and confused graders grading graders.

20. Allen completed up to 90% of MEDID degree program with exception of the final Capstone.

21. Throughout Allen's attendance at WGU his tuition was financed by the federal funding under the Dept of Education. Thus, Allen is obligated by Master Promissory Note to pay for his student loans.

22. That circa late August 2020 prior to completion of his third degree (MEID) Allen raised issues of "*graders grading graders*" and requested audience with his graders on a particular assignment only to be denied.

*23.* That Allen's raising issues of "*phantom graders"* and non-interaction with the precise grader faculty, to precisely discuss assignment grade /grading , and thus attempt to interact with professor in order to make, and take corrective learner applications  with the precise person accountable for making the grading decisions *made Allen target for retaliation and ejection.*

24. Allen unknowingly was again raising the precise issue that brought  the U.S. Department of Education's Office of Inspector General issued the findings  in which it concluded that Western Governors University (WGU) had *defrauded the federal government over $700 million in student aid dollars* for pretending to be something it was not.

25. That Allen's findings go straight to the heart of the matter supra, and that a 2008 federal law requires distance learning institutions to "support regular and substantive

interaction between the students and the instructor" to qualify for expanded federal aid.

26. Allen also became a prime witness having attended WGU during the precise time period the DoE concluded students received credit without instruction.

27. Allen was unfairly prejudiced, discriminated against and targeted by WGU staff/admin and the Student Conduct Board because he was an elder white male.

28. Circa October 2021, Allen was subjected to WGU imposed constraints that personal proctoring was not available as previously provided (allegedly due to the Covid 19) restrictions thus leaving Allen with no alternative than to trust WGU's insistence on using EXAMITY outsourced overseas service (Pakistan /India) for video proctoring at Allen's home.

29. That "Examity" is an outsourced unexpected overseas third party not a party to Allen's contract with WGU.

30. On or about October 31st 2021 while attempting a video proctoring exam session, Allen *had a nervous breakdown in his own home ( off campus )* and *vented frustrations to himself and the circumstances* ( due to Examity 's lack of timeliness - 20 minutes late, redundant set up protocols, and verification processes, unnecessary and expanded video surveillance of Allen's residence, absence of clarity in spoken English language -located overseas- in India ? or ? and audio difficulties) by a virtue in reasonable expectation of Allen's constitutional rights to freedom of speech and expression.

31. Allen dis-engaged the exam process with protest.

32. *Allen was prosecuted by the WGU teachers student conduct board for alleged violations of ( non-relevant) teacher conduct codes because of Allen's personal ADA setbacks and freedom of expression within his own home.*

33. *That WGU* Assessment Services, reported the disposition concern regarding perceived unprofessional communication during the subject proctored exam, *failed to fully investigate and understand the extraordinary circumstances beyond Allen's control, immediately citing* violation of the Teachers Code of Ethics Standards 1 & 6:whereupon not only is Allen <u>not a professional teacher</u>, but Allen never signed such code agreements, nor ever made fully aware of such codes and or whether such codes applied to Allen as a non-teaching professional. (SEE Exhibits A-D hearing outcome expulsion process -appeal denied)

34. *It was never Allen's intent to violate any code of conduct whatsoever at any time.*

35. That it was *never necessary to utilize Examity* by WGU's own admission (email of November 4, 2021, from Amy Williams, PASS manager) after the fact of Allen's breakdown. Thus, it can be shown WGU failed to act in a duty to care and to mitigate matters of Allen's condition and assessments under the ADA accommodations.

36. WGU was negligent in duty of care to Allen's condition and ADA accommodations by conclusory insistence upon using Examity when knowing the precedence of *never using video proctoring* as pursuant to Allen's previously disclosed conditions, concerns and protests on the record to disability/assessment services throughout Allen's enrollment from previous degree programs (MBA, MSML) up to the instant Master of Education.

37. WGU and staff failed to accommodate Allen, subsequently prosecuted and expelled Allen without just cause and against Allen's lawful rights.

38.  WGU *systematically failed* Allen *on all fronts* to mitigate and simply accommodate Allen with alternative with ADA required proctoring methods and furthermore immediately allow Allen to complete his capstone imminently to finish his degree.

39. Allen pled numerous times (in writing) with staff and admin in disclosure of his intentions that his sole interest was to complete his degree program just as he had before with his two prior master's programs conducted at WGU.

40. Allen was discriminated against, prejudiced and ignored as severe vested stakeholder in the degree education and process only to be violated ignored and subsequently prosecuted without due process and impartial advocacy by the WGU Teachers College Student Conduct Board.

41. Allen was submitted to (2) two partial student Conduct Board hearings, the last one resulting in an expulsion from WGU because Allen sent an email "For the record in dispute," on 12/29/2021 to mentor Elizabeth Krippner to "CEASE AND DESIST NOW AND RETRACT FOR THE RECORD" her false defamatory and inflammatory narrative expressed to the Student Conduct Board  that she feared for her life / safety that Allen was going to get on a plane, fly across country, stalk,  harm her and her family.

42. WGU denied Allen's request for his attorney advocate or any other advocate on Allen's behalf.

43. That the WGU Student Conduct Board members Allen Clarkson; Liz Moenich; Stan Schmidt; Brian Hicks; Kumar Pandya; embracing Krippner's unsubstantiated outrageously reckless narrative without proof voted to expel Allen from the MEID program.

44. That the collective WGU Student Conduct Board exercised an unjustified intentional bias absent of impartiality, in concert of action exercise of constructive termination of Allen's fair access to education and tortious interference upon *inter alia* Allen's civil rights, contractual rights, prospective economic advantage rights, financial and academic equities.

45. That the Defendants purposefully created a concert of action to violate and interfere with Allens rights and contractual obligations to the Dept of Education, financially for tuition and by conduct of completion in good standing of the MEID master's program.

46. That the Defendant WGU et al are fully accountable for its egregious, systematic failures and negligent conduct, which caused profound harm to Allen's academic progress, career opportunities, and personal well-being.

47. That WGU's and the individual defendants' actions not only violated federal and state law but also betrayed the fundamental principles of higher education, turning what should have been a straightforward path to success into an unjust and unnecessary hardship resulting in damages against Allen.

48.     That Plaintiff Allen is with no other option to recover against the Defendant's deviate conduct by violation of law, and files this instant Complaint because the defendants in this matter are self- self-centered, ignorant, unreasonable, and clearly discount the peril of protracted litigation upon Allen's previous fair notice and demand to mitigate.

49.     Because of the Defendant WGU and its administrative / faculty, participants collective, severally negligent and purposeful violative conduct, the Plaintiff has been damaged in excess of $75,000.00.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 12101 et seq -Violation of the Americans with Disabilities Act (ADA) (All Defendants)

50.  Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

51. Allen is a qualified individual with a disability as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(1) upon which WGU was fully aware and accepted. Specifically, Allen has a disability that substantially limits one or more major life activities, including but not limited to learning, concentrating, and engaging in educational activities.

52. Defendant WGU is a private university that operates as a place of public accommodation under Title III of the ADA, 42 U.S.C. § 12181(7), accepting federal tuition funding, and is therefore subject to the anti-discrimination provisions of the ADA.

53. At all relevant times, WGU knew or should have known of Allen's disability. Allen provided notice of his condition to WGU, including his need for reasonable accommodations to complete the Master of Education program.

54. Despite being aware of Allen's disability, WGU failed to engage in an interactive process to assess Allen's needs and provide reasonable accommodations, in violation of 42 U.S.C. § 12182(b)(2)(A)(ii), which prohibits discrimination by failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford equal access to individuals with disabilities.

55. WGU's actions and omissions included, but were not limited to:

- Refusing to provide reasonable accommodation necessary for Allen to complete his coursework and degree requirements.

- Provide in-person exam proctoring.

- Failing to provide a functional reasonable alternative to in-person proctoring

- Failing to respond adequately to Allen's requests for assistance and accommodation despite repeated notifications of his disability.

- Penalizing Allen for conduct related to his disability, including expelling him from the program, rather than providing accommodation and or remedial support.

56. As a direct and proximate result of WGU's discriminatory practices, Allen suffered significant harm, including but not limited to:

- Denial of prospective educational and career opportunities and benefits.

- Denial of attainment of the Master of Education degree.

- Emotional distress, humiliation, and reputational harm.

- Financial losses, loss of time and efforts, loss of academic credibility including the inability to complete his degree and the resulting impact on his career prospects and the continuing burden of accrued interest and student loan obligations.

57. WGU's actions were willful, intentional, and undertaken with deliberate indifference to Allen's federally protected rights under the ADA.

**SECOND CAUSE OF ACTION**
**42 U.S.C. § 1983-- First Amendment Retaliation and**
**Violation of Plaintiff's Right to Freedom of Speech and Expression**
**(All Defendants)**

58. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

59. Allen was enrolled in WGU's Master of Education (MED)program as a third-time master's degree candidate (MBA, MSLM) and successfully completed approximately 85% of the MED program with only his degree capstone to remain.

60. Allen, in his personal capacity and ***while off campus***, exercised his constitutionally protected rights to freedom of speech and expression through email communications and other lawful means. These expressions included criticisms of WGU's policies, practices, and administration.

61. WGU, as a private university receiving federal funding and operating in the public sphere, is subject to heightened scrutiny under federal law regarding its disciplinary actions that penalize constitutionally protected speech. WGU's policies and practices must conform to First Amendment protections when applied to students like Allen.

62. WGU wrongfully and unlawfully retaliated against Allen for his off-campus speech and email communications by expelling him at the "11th hour" of his program, despite his significant progress (85% completion) and previous recognition as an award-winning student.

63. Allen's speech and communications:

- Were conducted in a private capacity and were unrelated to classroom disruption or any substantial interference with WGU's operations.

- Addressed matters of public concern, including WGU's treatment of students, its administration, and educational policies.

64. WGU's expulsion of Allen constitutes an egregious and punitive action taken in direct response to Allen's exercise of his constitutionally protected rights to free speech and expression.

65. WGU's actions violated Allen's rights under the **First Amendment**, as applied to the Defendant through its receipt of federal funding, because:

- The expulsion was retaliatory and intended to suppress speech critical of WGU.

- WGU failed to demonstrate that Allen's speech caused any material or substantial disruption to its educational environment, as required under ***Tinker v. Des Moines Independent Community School District***, 393 U.S. 503 (1969), and related precedent.

66. WGU's disciplinary action was arbitrary, discriminatory, and made with deliberate indifference to Allen's rights. No compelling justification exists for penalizing Allen's off-campus, non-disruptive speech.

67. As a direct and proximate result of WGU's actions, Allen suffered significant harm, including but not limited to:

- Loss of educational opportunities and benefits, including his inability to complete the Master of Education program despite being close to graduation.

- Emotional distress, humiliation, and reputational harm as a result of his wrongful expulsion.

- Financial losses, including lost tuition, fees, and the inability to secure career advancement due to his incomplete degree.

68. Defendant WGU, acting under color of state law, violated Plaintiff's First Amendment rights by retaliating against him for engaging in protected speech and expression, off campus in the privacy of Allen's home including:

- Advocating for his rights under the Americans with Disabilities Act (ADA).

- Expressing concerns about Defendant's discriminatory practices and lack of accommodation.

- Communicating objections to Defendant's arbitrary and unfair disciplinary policies.

69. Defendant's adverse actions, including Plaintiff's suspension, expulsion, and denial of reasonable accommodations, were directly motivated by Plaintiff's protected speech and expression.

70. Defendant acted with malice and in reckless disregard of Plaintiff's constitutional rights, causing significant harm to Plaintiff's academic, professional, and emotional well-being.

71. Defendant's conduct constitutes a violation of 42 U.S.C. § 1983, entitling Plaintiff to damages and injunctive relief.

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION
### 20 U.S.C. § 1091 et seq.-Violation of the Higher Education Act (HEA) and Federal Regulations Governing Federal Student Loan Obligations
### (All Defendants)

72. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

73. The Higher Education Act of 1965 (HEA), codified under 20 U.S.C. § 1091 et seq., establishes federal guidelines for institutions of higher education participating in federal student loan and financial aid programs, ensuring that students have fair access to complete their educational programs and meet their loan obligations.

74. Defendant Western Governors University (WGU), as a federally accredited institution, participates in Title IV federal financial aid programs under the HEA and has an obligation to act in good faith to provide educational opportunities to its students who rely on federal student loans to fund their education.

75. Plaintiff Allen was enrolled in WGU's Master of Education program and financed his education through federally funded student loans under the HEA.

76. WGU, by expelling Allen without legitimate justification and failing to engage in good faith practices to allow him to complete his degree, directly interfered with Allen's ability to meet his obligations under his federal student loan agreements, in violation of WGU's duties under the HEA and federal regulations, including but not limited to:

- 34 C.F.R. § 668.14(b)(1): Requiring institutions to administer federal financial aid programs in a manner consistent with their fiduciary duty to the U.S. Department of Education and participating students.

- 20 U.S.C. § 1091(a): Requiring institutions to provide students a reasonable opportunity to complete their degree program without undue interference.

77. WGU's actions, including its abrupt and wrongful expulsion of Allen after circa 85-90% completion of the degree program, breached its fiduciary duty to administer Title IV funds and support Allen's access to federally guaranteed educational opportunities.

78. WGU's expulsion of Allen, despite his reliance on federal loans and his good faith effort to complete the program, constitutes a willful interference with Allen's ability to fulfill his obligations to repay his federal student loans. As a result of WGU's misconduct, Allen:

- Faces financial hardship, including potential default or difficulty in repayment of loans tied to an incomplete degree.

- Has been deprived of the educational benefit he financed through federal loans, diminishing the value of those funds.

79. WGU's failure to act in good faith to provide Allen with an opportunity to complete his degree constitutes a violation of the HEA, its implementing regulations, and its fiduciary obligations under federal law.

80. WGU's conduct as alleged was reckless, egregious, and in bad faith, disregarding the substantial reliance Allen placed on federal loan funding and the university's contractual and regulatory duties.

81. As a direct and proximate result of WGU's conduct, Allen has suffered damage, including:

- Financial losses tied to his federal loans obtained to complete his education.

- Emotional distress, reputational harm, and lost educational and career opportunities.

/ / /

/ / /

## FOURTH CAUSE OF ACTION
### Violation of Section 504 of the Rehabilitation Act of 1973
### (WGU)

83. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

84. WGU, as a recipient of federal funds, is prohibited from discriminating against individuals with disabilities in its programs.

85. WGU failed to provide reasonable accommodation and discriminated against Allen based on his disability and Allen's right to exercise freedom of expression

86. WGU knowingly accepted Allen as a student, and Allen's federally funded payment of tuition knowing of Allen's disabilities moreover aware of the institution's obligations under federal law and recognition that Allen is a member of a protected class.

87. WGU violative conduct against Allen constitutes violation of Section 504 of the Rehabilitation Act of 1973.

88. WGU during Allen's enrollment and otherwise is encumbered to abide by Statutory Authority: 29 U.S.C. § 794.

89. WGU receives federal funding and is subject to the Rehabilitation Act.

90. WGU discriminated against Allen by failing to provide accommodation or by expelling Allen due to his disability and Allen's expression of concern.

## FIFTH CAUSE OF ACTION
### Violation of Due Process Under the Fourteenth Amendment

91. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

92. Allen during the relevant time period and continues to be a citizen of the United States a is afforded protection of his right under the **Fourteenth Amendment.**

93. WGU during Allen's enrollment and otherwise is encumbered to abide by Statutory Authority: 42 U.S.C. § 1983 (for state actors or quasi-state actors).

94. WGU expelled Allen without providing him proper notice that his conduct was violative of WGU policies.

95. WGU denied Allen right to third party advocacy opportunity to be heard.

96. WGU denied Allen an impartial forum or a fair process.

97. WGU operates as a quasi-state actor due to its receipt of federal funding.

98. WGU interference and subverted Allen's protected property (degree) and liberty interest ( contract participation/ equity) in his continued education.

99. WGU, acting as a quasi-state actor, deprived Allen of this interest.

100. WGU failed to provide sufficient procedural protection before taking adverse action against Plaintiff Allen.

101. WGU failed to mitigate and initiate remedial actions to protect all interests, and moreover reckless toward the constitutional due process rights of Allen.

## SIXTH CAUSE OF ACTION
### Wire Fraud (18 U.S.C. § 1343) as a Predicate Act Under Civil RICO
#### (WGU)

102. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

103. WGU engaged in a scheme to defraud Allen by using interstate electronic communications, including emails, online portals, and other internet-based communications, to make material misrepresentations and omissions about its educational programs, policies, and obligations to students.

104. Specifically, WGU misrepresented and/or omitted:

- The fairness and transparency of its academic and disciplinary policies.

- The conditions under which students could complete their degrees after fulfilling academic and financial obligations.

- The availability of reasonable accommodation for students with disabilities.

105. WGU intended to defraud Allen by inducing him to enroll in and pay for its educational program, knowing that it would later arbitrarily expel him without justification after he had completed 85% of the program.

106. WGU used electronic communications (e.g., email, internet platforms) in furtherance of its scheme to defraud Allen, satisfying the requirements of **18 U.S.C. § 1343**.

107. This act constitutes a predicate offense under the **Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c)**, as part of a pattern of racketeering activity involving other students similarly defrauded.

108. As a direct and proximate result of WGU's wire fraud, Allen suffered financial losses, emotional distress, and reputational harm.

## SEVENTH CAUSE OF ACTION
### Exemplary Damages Under 42 U.S.C. § 1981a(b)(1) and 42 U.S.C. § 1988

109. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

110. Exemplary Damages Under 42 U.S.C. § 1981a(b)(1) and 42 U.S.C. § 1988

111. Plaintiff realleges all preceding paragraphs as if stated fully herein.

112. Defendant willfully and maliciously engaged in a discriminatory practice or practices and/or demonstrated a reckless indifference to Plaintiff's federally protected rights not to be subject to harassment, discrimination, and retaliation under Title VII of the Civil

Rights Act of 1964, as amended; therefore, punitive damages should be awarded to Plaintiff under 42 U.S.C. § 1981a(b)(1), as amended, and 42 U.S.C. § 1988, as amended, in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION
### Injunctive Relief

113. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

114. That the court issues an injunction requiring WGU to:

    i. Reinstate Allen in the Master of Education program.

    ii. Provide all necessary accommodation and support to allow Allen to complete his degree.

115. Compensatory damages for financial losses, emotional distress, interferences, conversion, unjust enrichment, and other harms caused by WGU's misconduct.

    Punitive damages under 42 U.S.C. § 1988(b) to punish WGU's egregious conduct and deter similar future violations.

116. Order WGU to reimburse Allen for all financial expenditures, including student loan payments and accrued interest.

## NINTH CAUSE OF ACTION
### Promissory Estoppel

117. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

118. That WGU made specific promises or representations to Allen (e.g., that he would be able to complete the program if he met certain requirements), and Allen relied on those promises to his detriment (e.g., incurring federal loan debt), thus promissory estoppel applies.

119. That WGU made a clear and definite promise, expressed or implied.

120. Plaintiff Allen reasonably relied on WGU's promises to his detriment.

121. Defendant WGU's failed to honor the promises made to the Plaintiff which resulted in resulted in significant harm to Allen.

122. WGU's marketing and communications made explicit promises regarding program completion, accommodations, and accessibility that Allen  reasonably relied on those promises, subverting Allen's benefit of quid pro quo.

123. Defendant promised Plaintiff enrollment and a degree at WGU under a promise of significant equity.

124. Defendant WGU knew or should have expected that this promise would lead Plaintiff to accept and continue his enrollment at WGU under the promise of significant equity.

 125. Plaintiff reasonably relied on Defendant's promise of enrollment /learning opportunity /graduation and/or equity and course of conduct and Plaintiff continued to serve Defendant WGU as *an returning alum, excellence award recipient, and accomplished academic in good faith and standing* in practice of conduct toward the completion of his Master in Education Degree Program.

126. Defendant's actions resulted in damages in an amount to be proven at trial.

## TENTH CLAIM CAUSE OF ACTION
### Breach of Contractual Fiduciary Duty
### (WGU)

127. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

128. Defendant Western Governors University (WGU), as a recipient of Title IV federal funding and an institution participating in programs governed by the Higher Education

Act (HEA), 20 U.S.C. § 1091 et seq., owed fiduciary duties to both the U.S. Department of Education and its students, including Allen. These duties include, but are not limited to:

- Administering federal student loan programs in compliance with federal regulations and in good faith.

- Acting in a manner that ensures students relying on federal financial aid have a fair opportunity to complete their educational programs.

129. Pursuant to 34 C.F.R. § 668.14(b)(1), institutions receiving federal financial aid funds act as fiduciaries and must administer those funds in a manner that serves the best interests of the students who rely on them to pursue their education.

130. Allen, as a student at WGU, entered into a financial aid agreement under which WGU acted as a third-party beneficiary to Allen's federally funded student loan obligations. WGU's acceptance of those funds created a fiduciary duty to ensure Allen's educational opportunities were fairly administered and not arbitrarily denied.

131. WGU breached its fiduciary duty to Allen by:

- Arbitrarily expelling Allen from the Master of Education program despite his completion of 85% of the degree requirements.

- Failing to provide reasonable accommodations required under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq..

- Failing to act in good faith to facilitate Allen's ability to complete his degree, thereby interfering with his federally funded educational opportunities.

132. WGU's actions, including expelling Allen in retaliation for his off-campus speech and email communications, constitute willful and deliberate breaches of its fiduciary duty

to administer federal financial aid funds and educational programs in accordance with federal law and regulations.

133. As a direct and proximate result of WGU's breach of fiduciary duty, Allen has suffered:

- Financial harm, including wasted tuition, fees, and federal student loan obligations tied to an incomplete degree.

- Emotional distress, humiliation, and reputational damage.

- Loss of educational and career opportunities.

134. WGU's egregious conduct warrants the imposition of punitive or exemplary damages under 42 U.S.C. § 1988(b) to punish its willful disregard of its fiduciary obligations and to deter similar misconduct in the future.

**Federal Authority Establishing Contractual Fiduciary Duty**

135. Defendant Western Governors University (WGU), as a recipient of Title IV federal funding under the Higher Education Act (HEA), 20 U.S.C. § 1091 et seq., is bound by federal regulations that impose fiduciary responsibilities on participating institutions.

136. Federal law explicitly requires institutions that administer federal student loan and financial aid programs to act as fiduciaries in their dealings with both the U.S. Department of Education and the students who rely on these programs. Specifically:

- 34 C.F.R. § 668.82(a): States that institutions participating in Title IV programs are held to a fiduciary standard and must act with the highest standard of care in administering federal student aid.

- 34 C.F.R. § 668.14(b)(1): Obligates participating institutions to comply with all applicable statutes, regulations, and agreements, and administer aid programs with integrity and good faith.

137. Courts interpreting these provisions have recognized that institutions participating in federal financial aid programs owe fiduciary duties not only to the federal government but also to the students who rely on federally funded educational opportunities. This fiduciary duty extends to ensuring that students are treated fairly and afforded a meaningful opportunity to complete their education (*See Bennett v. Kentucky Dep't of Educ.*, 470 U.S. 656, 663 (1985); *Armstrong v. Accrediting Council for Continuing Educ. & Training Inc.*, 168 F.3d 1362, 1365 (D.C. Cir. 1999)).

138. WGU, as a beneficiary of Allen's federal student loan obligations and as a fiduciary under the HEA, owed Allen a duty of care to administer his educational program fairly and to facilitate his ability to complete his degree requirements.

**Specific Breaches of Contract Fiduciary Duty**

139. WGU breached its fiduciary duty to Allen by:

- Arbitrarily expelling Allen from the Master of Education program after he had completed 85% of the program requirements, without legitimate justification or a fair process.

- Failing to provide reasonable accommodations for Allen's disability, in violation of its obligations under the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), which further underscores its fiduciary duty to treat Allen equitably.

- Retaliating against Allen for engaging in protected off-campus speech and email communications critical of WGU's policies and administration.

- Acting in bad faith to obstruct Allen's ability to complete his education and fulfill his obligations under his federal student loans.

140. WGU's breaches were willful, reckless, and undertaken with deliberate indifference to Allen's federally protected rights and reliance on WGU to fulfill its fiduciary obligations.

- WGU is bound by federal regulations explicitly requiring fiduciary responsibilities for institutions participating in Title IV programs, such as 34 C.F.R. § 668.82(a), which establishes that fiduciary duties extend to ensuring that aid programs are administered with integrity and fairness.

- Courts have consistently held that institutions benefiting from federal financial aid programs cannot act arbitrarily or in bad faith when their actions directly impact a student's access to federally funded educational opportunities (*See Gaines v. NCAA*, 746 F. Supp. 738, 744 (M.D. Tenn. 1990); *Bennett v. Kentucky Dep't of Educ.*, 470 U.S. at 663).

- WGU's fiduciary duty arises from its dual role as a recipient of federal funds and as a provider of educational opportunities funded by those loans. Its status as a third-party beneficiary to Allen's federal loan obligations reinforces this duty.

**Damages and Relief**

141. As a direct and proximate result of WGU's breaches of fiduciary duty as a quasi-state actor , Allen suffered:

- Financial losses, including wasted tuition, fees, and obligations under federal student loans tied to his incomplete degree.

- Emotional distress, humiliation, and reputational harm.

- Loss of educational and career opportunities that would have followed his completion of the Master of Education program.

142. WGU's egregious and willful conduct warrants the imposition of punitive or exemplary damages under 42 U.S.C. § 1988(b) to punish its misconduct and deter future violations of its fiduciary obligations.

## ELEVENTH CAUSE OF ACTION
### Interference with Contractual Relations

143. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

144. WGU's unilateral revocation of Allen's academic standing and credits—despite prior agreements—constitutes a wrongful interference with contractual rights, including Allen's contractual relationship with WGU, Allen's master promissory note for his federal loans,   and potential professional opportunities arising from his degree completion.

145. Pursuant to Restatement (Second) of Torts § 766, liability for tortious interference arises when:

- WGU's actions interfered with Allen's valid federal loan (third party U.S. Department of Education) agreement by preventing him from completing his degree and fulfilling his loan obligations.

- WGU **knew** of Allen's contractual expectations and obligations.

- WGU **intentionally obstructed Allen's progress**, interfering with his ability to complete his contractual obligations.

- This interference was **wrongful and unjustified**, as it was based on fraudulent misrepresentations, discriminatory actions, and procedural misconduct.

-  Allen suffered **substantial damages**, including tuition losses, lost career opportunities, and reputational harm.

## Federal Court Precedents on Tortious Interference

146. That the Federal courts have recognized claims for tortious interference with

contractual relations in cases where educational institutions or corporate entities

improperly obstruct contractual performance:

- *G.K.A. Beverage Corp. v. Honickman*, 55 F.3d 762 (2d Cir. 1995)
  *Holding:* A plaintiff may establish tortious interference when the defendant
  wrongfully disrupts a contractual relationship without justification.

- *Schuler v. Meschke*, 900 F. Supp. 1189 (D. Minn. 1995)
  *Holding:* A university's unilateral alteration of an academic contract may
  constitute interference with contractual relations if done in bad faith.

- *Crane Co. v. Atlas Iron Works*, 87 F.3d 761 (5th Cir. 1996)
  *Holding:* A claim for interference with contractual relations arises when a party
  improperly coerces or pressures a contractual breach for economic advantage.

- *Ixchel Pharma, LLC v. Biogen, Inc.*, 973 F.3d 1030 (9th Cir. 2020)
  *Holding:* The Ninth Circuit, in certifying a question to the California Supreme
  Court, clarified that **interference with an at-will contract** requires **an
  independently wrongful act beyond the interference itself**.

147. WGU's actions, including **revocation of earned credits and refusal to honor prior

agreements**, mirror the wrongful interference seen in these cases supra.

148. WGU acted **in bad faith**, violating academic agreements and procedural fairness

principles

149. Like in *Schuler*, **academic misconduct** affecting contractual performance is grounds

for liability.

150. Defendant WGU and its employees as individual defendants listed herein,

intentionally interfered with Allen's contractual relations accusing substantial damages to

which extent will be proven at trial.

/ / /

/ / /

/ / /

## TWELFTH CAUSE OF ACTION
### Negligent Supervision and Retention

151. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

152. Defendant WGU and it employees individual defendants listed herein, owed a duty to Plaintiff Allen as Allen could have reasonably expected, consistent with the practical realities of an administrator/ mentor/faculty to -student relationship, to appreciate the threat of administrator/ mentor/faculty's continued harassment and discrimination of Plaintiff Allen and to act to mitigate or protect Plaintiff Allen against continued harassment, discrimination inter alia violative conduct.

153. Defendant WGU breached its duty, acting by and through its agents/employees who were acting within the course and scope of their employment, when it failed to adequately supervise and/or retain Plaintiff Allen as a successful student completing his degree and to prevent and mitigate the continued harassment and discrimination of Plaintiffs conducted by administrator/ mentor/faculty /student conduct board members as individually named herein. .

154. As a direct and proximate cause of Defendant's breach, Plaintiff suffered damages, including, but not limited to, termination of academics / standing, loss of future employment opportunity and credentials, loss of beneficial enrollment quid pro quo, severe emotional distress, pain and suffering, and humiliation, in an amount to be determined at trial.

/ / /

/ / /

/ / /

### THIRTEENTH CAUSE OF ACTION
**Violation to Good Faith and Fair Dealing**

155. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

156. Federal courts recognize in contracts. WGU's actions violated an **implied duty of good faith and fair dealing** regarding all of Allen's contracts (enrollment, master promissory notes w DoE, etc.) and relations thereof.

157. WGU violated its duty to good faith and fair dealing duty by misrepresenting academic progress, obstructing degree completion, and denying Allen due process.

158. That **Restatement (Second) of Contracts § 205**:

*"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement."*

**Case Law:**

- *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317 (2000) – **Good faith violations support claims for contractual interference**.

- *Mooney v. Fife*, No. 22-16328 (9th Cir. Sept. 30, 2024)- recognizing that a breach of the implied covenant occurs when one party's actions deliberately contravene the intention and spirit of the contract, even if the contract's literal terms are met. The court emphasized that "an implied covenant of good faith and fair dealing exists in every Nevada contract and essentially forbids arbitrary, unfair acts by one party that disadvantage the other."

159. WGU's violative conduct—such as revoking earned credits and denying accommodations—are actions that, while possibly adhering to the contract's explicit terms, violate its intended purpose and Allen's justified expectations.

160. Therefore, under Ninth Circuit jurisprudence, Allen has a viable damages claim that WGU's collective actions omitting mitigation and or remedial initiatives to retain Allen breached the implied covenant inherent in their contractual relationship with Allen.

## FOURTEENTH CAUSE OF ACTION
### False Advertising and Deceptive Trade Practices
### (Violation of 15 U.S.C. § 1125(a) – The Lanham Act)

161. Plaintiff Edward C. Allen ("Allen") incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

162. Defendant Western Governors University (WGU) engaged in false advertising and deceptive trade practices in violation of 15 U.S.C. § 1125(a) (Lanham Act) by making misleading representations about the nature, quality, and accreditation of its ability to accommodate , facilitate and access education with fair due process and without discriminatory obstruction  regarding Master of Education- Curriculum Design , inducing Plaintiff Allen to enroll and invest significant time and financial resources based on false expectations.

162. That WGU's website reveals that the mission statement: "*Our ambition is to be the world's most student-centric university; everything we do begins and ends with our students, our alumni, and their families. The success and wellbeing of individuals is at our core. It's why we exist.*" NOT true as indicated by WGU 's conduct against Allen as a student alum.

163. WGU's advertisements regarding its educational services, accessibility, and fairness constitute false and misleading descriptions under federal law.

164. Allen relied on these advertisements, leading to financial and educational losses.

/ / /

/ / /

**Elements of False Advertising and Deceptive Trade Under 15 U.S.C. § 1125(a)**

165. Under **15 U.S.C. § 1125(a) of the Lanham Act**, false advertising occurs when:

- **A false or misleading statement of fact** was made about the **nature, characteristics, or quality** of a product or service;

- The statement **actually deceived or is likely to deceive** a substantial segment of the intended audience;

- The deception is **material**, meaning it is likely to influence purchasing decisions;

- The false statement was made **in interstate commerce**; and

- The plaintiff suffered **competitive or economic injury** as a result.

**Case Law Support:**

- *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134 (9th Cir. 1997) – Establishing that false or misleading claims regarding the quality of a product constitute **actionable false advertising** under the Lanham Act.

- *U-Haul Int'l, Inc. v. Jartran, Inc.*, 793 F.2d 1034 (9th Cir. 1986) – Holding that **misleading advertising claims that cause economic harm** to the plaintiff support a Lanham Act claim.

- *Reynolds v. Reynolds*, 294 F. Supp. 3d 1315 (D. Nev. 2018) – Finding that **misrepresentations in an educational setting** constitute deceptive trade practices.

**WGU's False and Misleading Representations**

167. Defendant WGU made false and misleading representations in marketing materials, student recruitment, and course catalogs, including but not limited to:

i.    Misrepresenting its Master of Education Program – WGU falsely advertised that its Master of education – curriculum design track would allow students to complete the necessary coursework and retain a legitimate master's degree.

ii. Inducing Enrollment Under False Pretenses – WGU failed to disclose material facts about limitations on credit transfers, changes in academic policies, and lack of fairness and discrimination against disabled students.

iii. Deceptive Trade Practices in Online Legal Education – WGU engaged in misleading recruitment strategies by overstating student outcomes, job placement rates, and the validity of degrees for legal employment.

iv. Misrepresenting Academic and Institutional Stability – WGU falsely advertised its commitment to student success and completion, only to later arbitrarily revoke credits and block Allen's degree completion without just cause.

168. Statements were made by WGU in national advertising campaigns, enrollment agreements, and direct communications with Allen, thereby meeting the interstate commerce requirement under the Lanham Act.

169. As a direct result of WGU's **false advertising and deceptive trade practices**, Plaintiff Allen:

1. **Enrolled and invested tuition funds** based on WGU's false claims;

2. **Spent over 80% of the program requirements** only to have WGU revoke credits without legitimate basis;

3. **Was denied his expected degree and professional advancement**, suffering reputational and financial harm;

4. **Lost significant career and educational opportunities**, including the ability to practice law under the originally agreed terms.

170. That WGU knowingly engaged in **false advertising and deceptive trade practices** under **15 U.S.C. § 1125(a)** by misrepresenting the value and completion pathway of its **Master of Education ,** causing Plaintiff Allen substantial harm.

## V.    PRAYER FOR RELIEF

WHEREFORE, as a result of the foregoing allegations and causes of actions, Plaintiff is entitled to judgement, as follows:

a. For an award of compensatory damages, both special and general damage suffered, which will be shown at the time of trial;

b. For an award of damages for Plaintiff's emotional distress resulting from Defendant's discrimination, disparate impact, and outrageous conduct;

c. For an award of equitable relief, including compensatory damages for emotional distress, mental anguish, and other non-economic harms, as well as future pecuniary losses pursuant to 42 U.S.C. § 1981a and all other applicable federal and state provisions."

d. For an award of compensatory, punitive, and exemplary damages to Plaintiff, and for reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable provisions of law.

e. For entry of permanent injunctions providing that Defendant shall be enjoined from directly or indirectly infringing Plaintiff's rights under the Americans with Disabilities Act (ADA), the Rehabilitation Act, and all applicable state and federal laws by failing to provide reasonable accommodations, retaliating against students for asserting their rights, or arbitrarily denying students the opportunity to complete their degree programs after substantial performance of their academic obligations reinstating the Plaintiff

f. For an award of *punitive and exemplary damages* under 42 U.S.C. § 1981a(b)(1), as amended, and 42 U.S.C. § 1988 additionally award to Plaintiff in an amount sufficient to punish Defendant Western Governors University (WGU) for its egregious and reckless

misconduct, and to deter Defendant and similarly situated institutions from engaging in such conduct in the future, based on the following:

- The arbitrary and capricious expulsion of Plaintiff, a third-time master's candidate and exemplary student (excellence award recipient), after completing 85% of the Master of Education in Curriculum Design program.

- Defendant's blatant disregard for Plaintiff's federally protected rights under the Americans with Disabilities Act (ADA), and First Amendment including its failure to provide reasonable accommodations and its retaliatory conduct in response to Plaintiff's lawful assertions of his rights.

- Defendant's willful, malicious, and oppressive actions in expelling Plaintiff at the 11th hour without impartial fair process, destroying his opportunity to earn his degree despite his substantial investment of time, effort, and financial resources.

- The harm caused by Defendant's discriminatory, retaliatory, and deceptive practices, which obstructed Plaintiff's professional and educational advancement.

g. That such damages deemed by the court are warranted due to Defendants' intentional and reckless disregard for Plaintiff's rights, their malicious treatment of Plaintiff as a disabled senior citizen individual, paying student, and its egregious breach of the implied covenant of good faith and fair dealing.

h. "For an award of *compensatory damages* to Plaintiff for the l***oss of time, effort, and resources*** expended in completing 85% of the Master of Education in Curriculum Design program, and for the opportunity costs associated with WGU's obstruction of Plaintiff's ability to obtain his degree, including:

- Lost future earnings and career advancement opportunities that Plaintiff would have reasonably expected to achieve had he completed the degree.

- The diminished value of Plaintiff's professional qualifications and the interruption of his career trajectory caused by Defendant's wrongful actions.

- The loss of time and investment in academic and professional development due to Defendant's arbitrary and bad-faith conduct.

- The defamatory / reputational harm to Plaintiff's academic record.

i. A declaratory judgment that WGU breached its fiduciary duties under federal including Declaratory Relief: a)For a declaratory judgment holding that Plaintiff Allens' rights and interests were violated by all Defendants as alleged;(b) declare that WGU violated the ADA by discriminating against Allen on the basis of his disability and (c) that WGU violated Allen's rights under the ADA and First Amendment; (d) A declaratory judgment that WGU violated federal regulations under the Higher Education Act by interfering with Allen's access to federally funded education.

j. For Injunctive Relief as pled herein

k. For all attorneys' fees and costs, including expert witnesses.

l. For such other and further relief as the Court deems just, equitable, and proper.


## VI. DEMAND FOR JURY TRIAL

Plaintiff Edward C. Allen hereby demands a trial by jury pursuant to Rule 38 (a), ( b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution on all issues triable by a jury. In compliance therewith, the Plaintiff hereby files and serves this Demand for Jury Trial.

Dated this 20th day of February 2025.

Respectfully Submitted By:

/s/ Edward C. Allen
EDWARD C. ALLEN
1930 Village Center Circle, Ste 3-525
Las Vegas, NV 89134
310-770-8495   Email: legalify@gmail.com
*Plaintiff in Pro se*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2025, I caused to be served a true and correct copy of the foregoing [Name of Document] upon the following parties by the methods indicated below:

1. Via [ Electronic Filing System (CM/ECF), U.S. Mail, Email, etc.]:

WGU's registered agent:

**Cogency Global Inc. Address**: 321 W. Winnie Lane, Suite 104, Carson City, NV 89703

**866.621.3524**

**Staterep @cogencyglobal.com**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 20. 2025

Respectfully submitted,

/s/ Edward C. Allen
Edward C. Allen
1930 Village Center Circle, Ste 3-525
Las Vegas, NV 89134
Email: legalify@gmail.com
Phone: 310-770-8495
*Pro Se Plaintiff*

.

# EXHIBITS A – D

EX A-STUDENT STATEMENT (12/26/20) provided by: Edward Allen

EX B-First Hearing – Disciplinary Suspension (January 5, 2021)

EX C-Second Hearing- Disciplinary Expulsion (February 25, 2021)

EX D-Appeal of Student Conduct Board Decision – DENIED ( April 7, 2021)

**STUDENT STATEMENT** ( 12/26/20)  provided by:

Edward Allen
1930 Village Ctr. Cir.; Ste. 3-525
Las Vegas, NV 89134
ealle35@my.wgu.edu

Student ID: 000428350
Program: Master of Education, Instructional Design
Mentor: Eric Holt

RE: **Student Conduct Board Hearing December 29, 2020 12:00 PM MT**

SUBMITTED TO:

Kumar Pandya
Student Conduct Officer

Western Governors University
Toll-Free: 877.435.7948 x3731
Direct: 385.428.3731
kpandya@wgu.edu

VIA Email:    kpandya@wgu.edu

 cc          ombuds@wgu.edu      ashley.stewart@wgu.edu        eric.holt@wgu.edu

teachersuccess@wgu.edu  ( Rochelle Sydnor Kahl  )  elizabeth.krippner@wgu.edu

EDWARD ALLEN Student Statement:

I stand by my emails and communication to WGU staff and third-party interveners in this matter.

I will hold *everyone* individually accountable (my accusers, the student board, faculty, admin, mentors  etc.) and the WGU institution, both  *publicly and lawfully* should I be subject to damages but for the escalation that has prevailed over reasonability in the alternative.

 That is not a threat , this now  is *effective notice*.

No proof has been provided that WGU or any of my accusers have suffered damages but for my conduct under the alleged violations.

No evidence has been shown that WGU provided the third-party proctor  with my disability file in its entirety, nor is there evidence shown that the (two) proctor(s) giving the exam considered the entirety of my disability file at all. (The time allocations are a small portion thereof.)

WGU has now disclosed that in house proctoring was always available. WGU comes to this tribunal with dirty hands but for failing to mitigate in the first place when in the alternative, the exercise of a simple duty to care for the student could have easily prevailed and did not. I have disability protected under ADA. It is not solely about time allocations for exams.

The result of WGU's  negligence and purposeful short sighted selfish abuse of discretions, and insistence upon entertaining merit-less ( and merciless) escalation by staff has now resulted in exposing me to unrelenting disruption, harassment,  frustration, academic obstruction, bias, discrimination, prejudice, discounting dehumanization, my previous meltdown, more senseless time draining tasks by the showing of approval and exercise in pattern of conduct promoted by WGU to persist with cascade of  further distraction, humiliation and possibly more detriment.

Deeming me unfit as a professional is discriminatory and prejudicial. *Ms Kahl's* selfish and senseless *decision to escalate this matter* because her feelings were somehow violated is in fact an unprofessional abuse of discretion. It effects EVERYONE because of the exposure she has now created to myself, my academic track, WGU's reputation and liability as well as the individuals connected with this matter throughout the causal chain of events and circumstances which could have been quelled long ago.

Escalating controversy , alleging violations, etc.  because someone had their feelings hurt or someone decides that my culture and communication is to be offensive is irrelevant as a matter of fact and law. I can prove WGU or any other institution's bottom-line does not rely on such delusion. WGU policy and arbitrary allegations by staff  is not the law of the land here in the United States.

Clearly at this juncture WGU does not provide a lawful impartial due process. (See the US Constitution)and more about due process) .

Moving forward, and as I have requested numerous times on the record I have only desired to be left alone to properly focus on completing my degree.  I sincerely hope that this tribunal of the student conduct board will deescalate the matter on all fronts and allow me to  complete my degree.


Thank you in advance.


Sincerely,

Edward C. Allen
Student ID: 000428350

**WESTERN GOVERNORS UNIVERSITY**
ONLINE. ACCELERATED. AFFORDABLE. ACCREDITED.

January 5, 2021

Edward Allen
1930 Village Ctr. Cir.; Ste. 3-525
Las Vegas, NV 89134
ealle35@my.wgu.edu

Student ID: 000428350
Program: Master of Education, Instructional Design
Mentor: Eric Holt

RE: Disciplinary Suspension

Dear Mr. Allen,

The WGU Student Conduct Board met on December 29, 2020 to consider information regarding violations of the WGU Code of Student Conduct in the form of unprofessional conduct. In making its determination, the Board reviewed information presented by the Office of Teacher and Principal Success. The Board also reviewed the written statements you provided for consideration, along with your statement and answers to questions during the hearing.

The purpose of this letter is to inform you that the Board has determined there is sufficient information to find you responsible for violations of the following sections of the WGU Code of Student Conduct:

"Article V.A.3. Unprofessional conduct including harassment, threatening, bullying or verbal abuse of any member of the WGU community by any means (conduct, speech, written notes, electronic mail, etc.). This includes, but is not limited to, the use of threats, profanity, and demeaning or intimidating comments."

"Article V.A.8. Failure to conform to the standards of professional conduct outlined in the Teachers College Code of Ethics, Professional Behaviors and Dispositions, the CHP Code of Professional Conduct and Dispositions, the CHP Nursing Code of Professional Conduct and Dispositions, and similar standards of professional conduct associated with other WGU field experience programs."

The Board found your ongoing unprofessional behavior to be an egregious offense, and your justification of that behavior to be deeply concerning. Consequently, the Board has decided to impose the following sanctions:

- You are to be suspended from enrollment at WGU for a period of six months, effective immediately. You will be withdrawn and prohibited from readmission consideration until the term beginning on July 1, 2021.

- Subsequent violations of the WGU Code of Student Conduct will result in another hearing before the Student Conduct Board to consider removal from your academic program or permanent expulsion from WGU.
- This notice will be entered in your permanent disciplinary record. A copy of this notice will be provided to the Office of Teacher and Principal Success and will result in an entry in your teacher disposition file.
- Prior to the consideration of any future application for readmission to WGU, you will be required to complete the following remediation plan previously assigned by the Office of Teacher and Principal Success:

    Please complete the actions below and submit responses to teachersuccess@wgu.edu:

    1. Read the Teachers College Code of Ethics, Professional Behaviors and Dispositions (located at https://cm.wgu.edu/t5/Field-Experiences-Handbook/Teachers-College-Code-of-Ethics-Professional-Behaviors-and/ta-p/109) and submit a written statement you have read and will adhere to the professional behavior expectations outlined in the Code through your completion of your Teachers College degree.

    2. Read each of the Codes of Ethics below. Then, write an essay (no more than 2 pages) about what these Codes have in common regarding professional behavior expectations; specifically addressing the professional behavior expectations between colleagues in the field of education.

    Professional Association of Clark County Educators
    https://www.clarkcountyeducators.org/index.php/about-us/code-of-ethics-for-educators

    National Association of State Directors of Teacher Education and Certification Model Code of Ethics (MCEE)
    https://www.nasdtec.net/resource/collection/7C8FAAA3-65CF-4B6E-B0B4-801DDA91A35F/MCEE_2015_FINAL_(Aug_2018).docx

    National Educators Association Code of Ethics
    http://www.nea.org/home/30442.htm<http://www.nea.org/home/30442.htm

    Association of American Educators Code of Ethics
    https://www.aaeteachers.org/index.php/blog/1639-have-you-read-the-aae-code-of-ethics

- Prior to the consideration of any future application for readmission to WGU, you will also be required to complete a series of LinkedIn Learning courses on professional & effective communication, along with a related reflective essay. You must complete all three of the courses listed below and submit the certificates of completion to conductadmin@wgu.edu. After completing the courses, you must submit to conductadmin@wgu.edu a satisfactory two-page reflective essay summarizing at least three key takeaways from each course and how you

can incorporate them into your professional practice. Instructions for accessing LinkedIn Learning content (free of charge using your WGU credentials) can be found at https://cm.wgu.edu/t5/Frequently-Asked-Questions/How-to-access-material-within-LinkedIn-Learning/ta-p/1753, and the courses are directly accessible through the following URLs:

- o https://www.linkedin.com/learning/communicating-with-diplomacy-and-tact/welcome?u=2045532
- o https://www.linkedin.com/learning/effective-listening/improve-your-listening-skills?u=2045532
- o https://www.linkedin.com/learning/skills-for-inclusive-conversations?u=2045532

The Student Conduct Board regrets the need to take this action, but believes that the decision has been fairly reached. This decision may, however, be appealed to the WGU Appellate Board within five business days if you believe that information not available at the time of the hearing would substantially change the outcome. Your request for an appeal along with supporting information should be sent to the Student Conduct Administrator at conductadmin@wgu.edu. The decision of the Appellate Board will be final.

Sincerely,

Allen Clarkson, J.D.
Student Conduct Board Chair
Director, Government Relations
Western Governors University

Cc:    WGU Student Conduct Board
Cc:    WGU Office of Teacher and Principal Success



**WESTERN GOVERNORS UNIVERSITY**
ONLINE. ACCELERATED. AFFORDABLE. ACCREDITED.

February 25, 2021

Edward Allen
1930 Village Ctr. Cir.; Ste. 3-525
Las Vegas, NV 89134
ealle35@my.wgu.edu

Student ID: 000428350
Program: Master of Education, Instructional Design
Mentor: Eric Holt

RE: Disciplinary Expulsion from WGU Teachers College

Dear Mr. Allen,

The WGU Student Conduct Board met on February 18, 2021 to consider information regarding violations of the WGU Code of Student Conduct in the form of unprofessional conduct. In making its determination, the Board reviewed information presented by the Office of Teacher and Principal Success. The Board also considered your statement and answers to questions during the hearing.

The purpose of this letter is to inform you that the Board has determined there is sufficient information to find you responsible for violations of the following sections of the WGU Code of Student Conduct:

"Article V.A.3. Unprofessional conduct including harassment, threatening, bullying or verbal abuse of any member of the WGU community by any means (conduct, speech, written notes, electronic mail, etc.). This includes, but is not limited to, the use of threats, profanity, and demeaning or intimidating comments."

"Article V.A.8. Failure to conform to the standards of professional conduct outlined in the Teachers College Code of Ethics, Professional Behaviors and Dispositions, the CHP Code of Professional Conduct and Dispositions, the CHP Nursing Code of Professional Conduct and Dispositions, and similar standards of professional conduct associated with other WGU field experience programs."

The Board found your continued unprofessional behavior and lack of accountability to be an egregious offense that is not acceptable from a member of WGU's Teachers College. Consequently, the Board has decided to impose the following sanctions:

- You are to be removed from the Master of Education, Instructional Design program and permanently barred from readmission to any program in the WGU Teachers College. This action will become a part of your permanent academic record and will be notated on your transcript. Upon completion of the previously imposed suspension and the remediation plan detailed in this letter, you may apply for readmission to any program in the College of Business or College of Information Technology for which you qualify. Per the terms of the previously imposed

suspension, you cannot be eligible for readmission consideration until the term beginning on July 1, 2021.

- Subsequent violations of the WGU Code of Student Conduct will result in another hearing before the Student Conduct Board to consider permanent expulsion from WGU.

- Prior to the consideration of any future application for readmission, in lieu of the previously assigned review and statement/essay on ethics for educators you will instead be required to review the WGU Code of Student Conduct and submit a written acknowledgement that you have read and agree to adhere to the expectations outlined in the Code going forward, along with a minimum one-page essay reflecting on the commonalities between the Code and the behavioral expectations in a professional business environment.

- Prior to the consideration of any future application for readmission, you will still be required to complete a series of LinkedIn Learning courses on professional & effective communication, along with a related reflective essay, as previously assigned. You must complete all three of the courses listed below and submit the certificates of completion to conductadmin@wgu.edu. After completing the courses, you must submit to conductadmin@wgu.edu a satisfactory two-page reflective essay summarizing at least three key takeaways from each course and how you can incorporate them into your professional practice. Instructions for accessing LinkedIn Learning content (free of charge using your WGU credentials) can be found at https://cm.wgu.edu/t5/Frequently-Asked-Questions/How-to-access-material-within-LinkedIn-Learning/ta-p/1753, and the courses are directly accessible through the following URLs:
  - https://www.linkedin.com/learning/communicating-with-diplomacy-and-tact/welcome?u=2045532
  - https://www.linkedin.com/learning/effective-listening/improve-your-listening-skills?u=2045532
  - https://www.linkedin.com/learning/skills-for-inclusive-conversations?u=2045532

The Student Conduct Board regrets the need to take this action, but believes that the decision has been fairly reached. This decision may, however, be appealed to the WGU Appellate Board within five business days if you believe that information not available at the time of the hearing would substantially change the outcome. Your request for an appeal along with supporting information should be sent to the Student Conduct Administrator at conductadmin@wgu.edu. The decision of the Appellate Board will be final.

Sincerely,

Allen Clarkson, J.D.

Student Conduct Board Chair
Director, Government Relations
Western Governors University

Cc:     WGU Student Conduct Board
Cc:     WGU Office of Teacher and Principal Success



WESTERN GOVERNORS UNIVERSITY
ONLINE. ACCELERATED. AFFORDABLE. ACCREDITED.

April 7, 2021

Edward Allen
ealle35@my.wgu.edu
Student ID: 000428350
Program: Master of Education, Instructional Design
Mentor: Eric Holt

RE: Appeal of Student Conduct Board Decision

Dear Mr. Allen,

The WGU Appellate Board met on March 31, 2021 to consider your appeal of the Student Conduct Board's decision to remove you from your academic program and the WGU Teachers College, a decision which was originally communicated to you on February 25, 2021. The Appellate Board reviewed the verbatim record of the Student Conduct Board hearing and supporting documents. The Appellate Board also reviewed the information you provided in your letter of appeal. The Appellate Board determined that the hearing was conducted fairly and in conformity with prescribed procedures, that the decision was based on substantial information, and that the sanctions were appropriate; none of the information contained in your appeal letter warranted reconsideration of the hearing outcome. Your appeal has been denied and the sanctions imposed by the Student Conduct Board will stand. The decision of the Appellate Board is final.

Sincerely,

Kumar Pandya
Student Conduct Officer

Western Governors University
Toll-Free: 877.435.7948 x3731
Direct: 385.428.3731
kpandya@wgu.edu