UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD C. ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN GOVERNORS UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 2:25-cv-00325-RFB-NJK<br><br>**Order**<br><br>[Docket No. 30] |

The parties' joint proposed discovery plan was due no later than June 6, 2025. *See* Docket No. 11 (notice of appearance of defense counsel, filed April 21, 2025). When the parties failed to timely comply, the Court ordered them to file their joint proposed discovery plan no later than June 11, 2025. Docket No. 29. Instead, the parties have filed a joint motion to stay discovery. Docket No. 30. The Court does not require a hearing. *See* Local Rule 78-1.

**I.    PARTY CONFUSION**

The parties are confused as to the governing test for this common motion practice.[1] The parties brief and discuss only the minority so-called "good cause" test. *See* Docket No. 30. The parties provide no briefing or discussion of the majority "preliminary peek" test. *Id*. The Court understands that there is confusion in the local bar created by the emergence of a minority approach that runs counter to decades of established case law. *See Flynn v. Nev.*, 345 F.R.D. 338, 347-48 (D. Nev. 2024). The undersigned has, however, clearly and unequivocally rejected the minority so-called "good cause" test[2] as both legally untenable and counter to numerous policy considerations. *See id.* at 347-51. In addition, the majority of judges in this District continue to

---

[1] Even when the parties do not do so, the Court has its own duty to correctly articulate and apply the law. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

[2] The "good cause" test is a misnomer, as the preliminary peek framework is itself also an application of the good cause requirement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See Flynn*, 345 F.R.D. at 346 at n.13.

1

apply the preliminary peek test. *See, e.g.*, *Alvarado v. W. Range Ass'n*, 2025 WL 659352, at *1 n.1 (D. Nev. Feb. 28, 2025) (Baldwin, J.); *Gauler v. Internal Rev. Serv.*, 2024 WL 4307847, at *2 (D. Nev. Sept. 26, 2024) (Denney, J.); *Blandino v. Las Vegas Metro. Police Dept.*, 2024 WL 4024828, at *1 (D. Nev. May 10, 2024) (Youchah, J.), *objections overruled*, 2024 WL 5056178, at *4 (D. Nev. Dec. 9, 2024) (Navarro, J.) ("The Magistrate Judge applied the correct legal standard"). For the reasons already articulated in *Flynn*, the undersigned will not apply the minority so-called "good cause" approach.

## II.   ANALYSIS

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). "These are not 'factors' for consideration, they are elements of a test that must all be met for a stay of discovery to be warranted." *Flynn*, 345 F.R.D. at 346 n.12.

The parties' motion to stay discovery relies upon a motion to dismiss that has not yet been filed, much less fully briefed. Docket No. 30 at 2 (Defendant will be filing a motion to dismiss on June 13, 2025). Therefore, the Court cannot conduct the required preliminary peek to determine if staying discovery is warranted.[3] The parties' joint motion to stay discovery therefore fails at the outset.

---

[3] Separate and apart from the Court's obligation to apply the law correctly as set forth in *Bateman*, the Court is encouraged to engage in forceful judicial management of cases, *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (per curiam), and the Court is not required to allow an unwarranted stay of discovery even if agreed upon by the parties, *see, e.g.*, *Divine*

2

### III. CONCLUSION

For the reasons discussed above, the motion to stay discovery is **DENIED**. The parties must file a joint discovery plan no later than June 12, 2025.

IT IS SO ORDERED.

Dated: June 11, 2025

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

*Wellness, LLC v. NFP Prop. & Cas. Servs., Inc.*, 2024 WL 2880285, at *2 n.3 (D. Nev. May 17, 2024).