**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

EDWARD C. ALLEN,

Plaintiff,

v.

WESTERN GOVERNORS UNIVERSITY, *et al.*,

Defendants.

Case No. 2:25-cv-00325-RFB-NJK

**ORDER DISMISSING CASE**

Throughout the course of this litigation, Plaintiff Edward C. Allen has repeatedly submitted filings to this Court containing citations to misrepresented and nonexistent case law. He has done so even after multiple warnings regarding his obligations under Federal Rule of Civil Procedure Rule 11, and the possibility of potential sanctions, including case dispositive sanctions. These warnings did not deter Mr. Allen, and to date, he has failed to provide a satisfactory explanation for his misrepresentations to this Court. As a result, for the following reasons, the Court finds that dismissal of this case with prejudice is appropriate.

**I.   BACKGROUND**

On February 19, 2025, Mr. Allen commenced this action by filing an application to proceed *in forma pauperis* ("IFP Application") and Complaint against Defendants Western Governors University, Kumar Pandya, Allen C. Clarkson, Elizabeth McCarthy, Liz Moenich, Stan Schmidt, Brian Hicks, Heather DeTomaso, Rochelle Sydnor Kahl, Robbyn Michaels, and Rachel Lay[1] (collectively "Defendants"). See ECF No. 1. On April 22, 2025, the Court granted Mr. Allen's IFP

---

[1] Misspelled and misidentified individual defendant names are corrected here. See ECF No. 15 at 2 n.1.

Application and docketed his Complaint. ECF Nos. 18-19. On April 21, 2025, Defendants filed a Motion to Dismiss the Complaint, noting that it contained a litany of misleading citations and citations to nonexistent legal authorities. See ECF No. 15 at 15-16. On May 6, 2025, Mr. Allen filed his First Amended Complaint ("FAC"). See ECF No. 23. Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), Defendants' Motion to Dismiss Mr. Allen's original Complaint became moot. See ECF No. 28. However, on May 27, 2025, the Court issued an Order, which provided in relevant part:

> Plaintiff's original Complaint appears to have contained citations that misrepresent legal authorities and citations to non-existent legal authorities, as discussed in Defendants' Motion to Dismiss. See ECF No. 15 at 5-16. Plaintiff is warned that although he is *pro se*, he is still subject to the Federal Rules of Civil Procedure, including Rule 11. See Fed. R. Civ. Proc. 11(b)(2) (providing that by presenting a pleading to the Court, an unrepresented party certifies that "the legal contentions are warranted by existing law or nonfrivolous argument...").
>
> Under Rule 11, Plaintiff can be sanctioned for citations to non-existent case law, misrepresentations of case law, or frivolous legal arguments. Fed. R. Civ. Proc. 11(c); see, e.g., Ferris v. Amazon.com Services, LLC, No. 3:24-CV-304-MPM-JMV, 2025 WL 1122235 (N.D. Miss. Apr. 16, 2025) (ordering a self-represented plaintiff to pay the costs incurred by the defendant in responding to the plaintiff's fabricated citations). **Plaintiff is obligated to read the legal authority he intends to rely upon, confirm its existence and validity, and confirm that it supports his legal contentions, before citing to that authority in any submission to this Court.**

See ECF No. 28 (emphasis added). Despite that Order, Mr. Allen took no action to correct the misrepresentations in his pleadings.

On June 13, 2025, Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"). ECF No. 34. In it, Defendants identified indicia of dishonest factual allegations in the FAC which appeared to be designed to overcome the applicable statute of limitations, see id. at 5, and again listed Mr. Allen's citations to misrepresented and nonexistent legal authorities in the FAC, id. at 14-16. Defendants also notified the Court of a stipulated judgment against Mr. Allen, entered in the Eighth Judicial District Court of Clark County, Nevada, in State Bar of Nevada v. Allen, No. A-22-852411-C, Dkt. No. 24 (Nev. Dist. Ct. Mar. 7, 2024). Pursuant to that Judgment Mr. Allen is enjoined from practicing law without a license in Nevada.

See id.

The same day, the Court issued an Order to Show Cause ("OSC") why this case should not be dismissed as a sanction for Mr. Allen's repeated violations of Rule 11. See ECF No. 36. The Court ordered Mr. Allen to file a written response. Id. On June 19, 2025, Mr. Allen filed his Response to the OSC. See ECF No. 38. The Court finds Mr. Allen's Response to the OSC contained the following misrepresentations:

- Mr. Allen attributed the quote "both baseless and made without a reasonable and competent inquiry" to Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002). See ECF No. 38 at 3. **That case contains no such quote**.

- Mr. Allen attributed the quote "a reasonable attorney in like circumstances could believe his actions to be factually and legally justified" to Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 401 (1990). See ECF No. 38 at 3. **That case contains no such quote**.

- Mr. Allen attributed the quote "Rule 11 may apply to *pro se* parties, but courts must take into account a *pro se* litigant's lack of legal training" to Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). See ECF No. 38 at 5. **That case contains no such quote or holding**. In fact, its holding is that courts *cannot* decline to impose sanctions under Rule 11 simply based on a litigant's *pro se* status. See id. at 1390 ("a court . . . cannot, however, decline to impose any sanction, where a violation has arguably occurred, simply because plaintiff is proceeding *pro se*. A contrary conclusion would effectively place all unrepresented parties beyond the reach of Rule 11.")

- Mr. Allen attributed the quote "Rule 11 is not intended as a vehicle for intimidation or punishment for minor pleading errors" to Hudson v. Moore Business Forms, Inc., 898 F.2d 684, 686 (9th Cir. 1990). See ECF No. 38 at 9. **That case contains no such quote or holding.**

- Mr. Allen wrote: "As the Supreme Court has cautioned, courts must avoid using Rule 11 'as a bar to the courthouse door' for litigants attempting in good faith to

remedy non-malicious oversights. <u>Cooter & Gell</u>, 496 U.S. at 393." See ECF No. 38 at 10. **That case contains no such quote or holding**.

- Mr. Allen provided the following citation and parenthetical: "<u>Sineneng-Smith</u>, 982 F.3d 766, 773 n.2 (9th Cir. 2020) (acknowledging appellate errata used to correct legal references)." **That case contains no reference to errata, and the footnote cited is entirely irrelevant to Mr. Allen's position.**

- Mr. Allen provided the following citation and parenthetical to **nonexistent authority**: "<u>See</u> <u>Verinata Health, Inc. v. Ariosa Diagnostics, Inc.</u>, 2014 WL 10321141, at *2 (N.D. Cal. Nov. 21, 2014) (noting that errata is an accepted mechanism for correcting typographical or citation-based issues)." ECF No. 38 at 8. The Westlaw number cited leads to a "Joint Statement of the Case" in a case involving an automobile accident in the Superior Court of California. The Court has located two decisions from the Northern District of California with the same name, but neither reference errata as Mr. Allen claims. <u>See</u> <u>Verinata Health, Inc. v. Ariosa Diagnostics</u>, Inc., No. C 12-05501 SI, 2014 WL 121640 (N.D. Cal. Jan. 13, 2014); <u>Verinata Health, Inc. v. Ariosa Diagnostics, Inc.</u>, 236 F. Supp. 3d 1110 (N.D. Cal. 2017).

  o In a subsequent filing Mr. Allen again cited 2014 WL 10321141 and wrote: "Plaintiff respectfully affirms that this citation was accurate in substance and context. In <u>Verinata</u>, the Northern District of California accepted an errata to clarify disputed citations. Plaintiff's use of this case was expressly limited to illustrating that such procedural corrections are a recognized and accepted practice—not as authority for any substantive legal holding." ECF No. 42 at 2. **The Court finds Mr. Allen representation is false. See above.**

- Mr. Allen provided the following citation and parenthetical to **nonexistent authority**: "<u>Lewis v. Ryan</u>, No. CV-03-2519-PHX-SRB (D. Ariz. Jan. 3, 2008) 9) (court accepted errata to address clerical citation issues)." <u>See</u> ECF No. 38 at 8. The Court located a case with the same name under a different case number in the

District of Arizona, which contains an order dismissing a federal habeas petition on the grounds of waiver and procedural default—an order that is entirely irrelevant to Mr. Allen's position. See Lewis v. Ryan, No. CV-17-01982-PHX-DJH, Dkt. No. 17 (D. Ariz. Mar. 6, 2018). That case has no errata filings despite Mr. Allen's representation.

- o In a subsequent filing, Mr. Allen wrote: "Plaintiff acknowledges that this docket-level decision is not published in commercial databases such as Westlaw or Lexis, but it is available through the CM/ECF/PACER system as a valid district court filing." See ECF No. 42 at 2. On CM/ECF, the case number cited by Mr. Allen leads to a case called Stafford v. Vigil, No. 3-CV-02519-SRB (D. Ariz). **The Court finds Mr. Allen's representation that the case he cites is available on CM/ECF is false.**

- Mr. Allen wrote: "Where citation inaccuracies were identified—whether due to software formatting artifacts, misunderstood reporter abbreviations, or omitted corrections from draft versions—Plaintiff has corrected the record transparently and without delay." ECF No. 38 at 7. **The Court finds this is inaccurate**. First, "formatting artifacts, misunderstood reporter abbreviations, or omitted corrections" do not explain the misrepresentations listed above. Second, Mr. Allen has failed to promptly, comprehensively, or transparently correct his misrepresentations throughout this litigation.

On July 9, 2025, Defendants filed a Reply to Mr. Allen's Response to the OSC. Defendants noted Mr. Allen has publicly represented that he has a Juris Doctorate from Arizona Summit Law School and has "civil litigation skills." See ECF No. 45 at 2-3. Defendants also notified the Court of Mr. Allen's inaccurate citations to authority in the Response to the OSC and cataloged nine examples of misrepresented and nonexistent authority cited by Mr. Allen in his (ECF No. 40) June 26, 2026 Opposition to Defendants' Motion to Dismiss his SAC. See id.; ECF No. 45-4.

On March 17, 2026, the Court held a hearing on the OSC. See ECF No. 52. At the hearing, Mr. Allen stated "I've been in this business for eighteen years." See Hr'g Tr. 3:8, Mar. 17, 2026,

ECF No. 53. The Court asked Mr. Allen to explain his repeated misrepresentations in filings despite the its warnings and stated, "'I'm not sure why I would believe that it won't continue to happen because I haven't received from you, yet, an adequate explanation as to why and how this occurred." Id. at 5:8-10. Plaintiff responded: "Well, it occurred through my error in research. It occurred through -- I mean, that's pretty – the collective on it. I probably should not have even entered those cases into the pleadings at all and stuck closer to a Rule 8 minimal notice." Id. at 5:11-15. Defendants also represented to the Court that they had catalogued over sixty misrepresented or fabricated case citations in Mr. Allen's pleadings to date. Id. at 8:11-25.

When asked, Mr. Allen also admitted to the Court that the allegations in his SAC were inaccurate as to the date of his disciplinary expulsion by Defendant Western Governors University ("WGU"). Hr'g Tr. at 16:16-17. The SAC alleged he was expelled in February of 2022, but Mr. Allen confirmed at the hearing that he was in fact expelled on February 25, 2021, as alleged in his original complaint, such that the statute of limitations for his federal claims ran well before he commenced this action in February 2025. See id. The Court finds based on the circumstances that Mr. Allen knowingly misrepresented the date of his expulsion by Defendant WGU in his SAC to mislead the Court in an attempt overcome the statute of limitations.

At the conclusion of the hearing, the Court ordered monetary sanctions against Mr. Allen in the form of Defendants' attorneys' fees and costs incurred as a direct result of his citations to nonexistent or misrepresented authorities. See ECF No. 52. The Court took the matter of the OSC under advisement. The Court's Order dismissing this case with prejudice follows.

## II.   LEGAL STANDARD

This Court has the inherent authority to dismiss a case when a plaintiff violates its order(s). See Thompson v. Hous. Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) ("We have repeatedly upheld . . . dismissal for failure to comply with . . . court orders.") (citations omitted). "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Am. Unites for Kids v. Rousseau, 985 F.3d 1075, 1088 (9th Cir. 2021) (quoting Goodyear Tire & Rubber Co. v.

Haeger, 581 U.S. 101, 107 (2017)). Through these powers, district courts have "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Goodyear Tire & Rubber Co., 581 U.S. at 107) (citation and quotation marks omitted). For instance, a "district court may, among other things, *dismiss a case in its entirety*, bar witnesses, exclude other evidence, award attorneys' fees, or assess fines." Am. Unites for Kids, 985 F.3d at 1088 (citation omitted) (emphasis added).

A district court must find that a party willfully violated its order(s), or acted in bad faith, to sanction the party based on the court's inherent powers. See Am. Unites for Kids, 985 F.3d at 1090 (citation omitted).  If a district court makes this threshold finding, it should not dismiss the party's case unless the case presents "extreme circumstances" that satisfy certain criteria established by the Ninth Circuit. See Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Specifically, this Court must consider five factors ("Dispositive Sanction Factors") "before resorting to the penalty of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. (citation and quotation marks omitted); see also Thompson, 782 F.2d at 831. The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); Hernandez v. City of El Monte, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

## III.    DISCUSSION

As a threshold matter, the Court finds that Mr. Allen has willfully and repeatedly violated its Order requiring him "to read the legal authority he intends to rely upon, confirm its existence and validity, and confirm that it supports his legal contentions, before citing to that authority in any submission to this Court." See ECF No. 28. The Court further finds that Mr. Allen has made willful misrepresentations with the intent to mislead the Court in multiple filings, including, most egregiously, in his Response to the Court's OSC why his case should not be dismissed as a sanction

for his repeated violations of Rule 11.

Even after being provided multiple opportunities to acknowledge, explain, and correct his misrepresentations to this Court, he failed to provide a candid explanation (for example by acknowledging that he used generative artificial intelligence tools to draft his pleadings) and maintained that his citations were accurate or the result of benign typographical errors while simultaneously citing to *additional* misrepresented or fabricated authorities. The Court is left to assume that Mr. Allen either himself fabricated authorities and lied to the Court by claiming the inaccuracies were the result of typos or clerical errors, or enlisted the assistance of AI, which misrepresented and fabricated cases to support his assertions, failed to check their validity (even after being specifically instructed to do so), and then lied to the Court about their origins.

Further, while Mr. Allen's Response to the Court's OSC asserted that he should be afforded lenience due to his status as a *pro se* litigant, the Court finds Mr. Allen is neither unsophisticated nor inexperienced in litigation even though he is proceeding *pro se*. Indeed, he purportedly has a juris doctorate degree, and claims he has "been in this business for eighteen years." See Hr'g Tr. 3:8, Mar. 17, 2026, ECF No. 53. And even if that were not the case, "although courts make some allowances for a *pro se* [p]laintiff's failure to cite to proper legal authority, courts do not make allowances for a [p]laintiff who cites to fake, nonexistent, misleading authorities." Saxena v. Martinez-Hernandez, No. 2:22-CV-02126-CDS-BNW, 2025 WL 522234, at *4 (D. Nev. Feb. 18, 2025) (cleaned up) (quoting Morgan v. Cmty. Against Violence, 2023 WL 6976510, at *7 (D.N.M. Oct. 23, 2023).

Additionally, Mr. Allen's misrepresentations are not limited to hallucinations that are typically attributable to the use of an AI tool. Rather, the Court finds Mr. Allen knowingly misrepresented material facts in his SAC to mislead the Court, in an effort to overcome the fact that the applicable statute of limitations for his federal claims ran before he commenced this case. The Court finds that these circumstances, taken together, constitute evidence of bad faith.

The Court finds monetary sanctions and case dispositive sanctions are warranted here. "Courts across the country have issued sanctions against attorneys *and pro se parties* for submitting fictitious case citations, fictitious quotations, and related misrepresentations to the

court." United States v. Hayes, 763 F. Supp. 3d 1054, 1071 (E.D. Cal. 2025) (collecting cases issuing monetary or case dispositive sanctions) (emphasis added). First, the Court finds that monetary sanctions are warranted to compensate Defendants for their wasted time and resources which directly resulted from Mr. Allen's repeated citations to misrepresented or fabricated legal authorities. The Court further finds monetary sanctions are necessary to deter Mr. Allen from repeating similar conduct—as he has already consented to a judgment prohibiting him from engaging in the unlicensed practice of law, but that has not deterred his egregious conduct before this Court.

Further, the Court concludes that Mr. Allen's case should be dismissed because the Dispositive Sanction Factors weigh in favor of dismissal. First, the Court finds that (1) the public's interest in the expeditious resolution of this litigation and (2) the Court's need to manage its own docket both weigh in favor of dismissal. See Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990) ("Where a court order is violated, [these] first two factors support sanctions . . . ."). After all, Mr. Allen's practice of misrepresenting facts and legal authorities to the Court squanders its resources, delays the swift resolution of his case, and disrupts this Court's ability to manage its docket.

Similarly, the Court finds that the risk of prejudice to Defendants weighs in favor of dismissal. "In determining whether a defendant has been prejudiced, [this Court] examines whether the plaintiff's actions . . . threaten to interfere with the rightful decision of the case." Malone v. U.S. Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987) (citation omitted). Mr. Allen's course of conduct undoubtedly interferes with the disposition of this case on the merits. Put simply, this case cannot proceed if Mr. Allen cannot be trusted to submit accurate and honest legal and factual representations to the Court, such that Defendants and the Court must invest time and resources in identifying these inaccuracies, rather than focusing on the merits of Mr. Allen's claims.

The Court also finds that less drastic sanctions are not available in this case, such that the fifth factor weighs in favor of dismissal. To recap, the Court has already advised Mr. Allen of his obligations under Rule 11 and warned him that that further misrepresentations would result in

sanctions. After that failed to deter Mr. Allen, the Court issued an OSC, which provided him an opportunity to explain and correct his misrepresentations and warned of the possibility of case dispositive sanctions should he fail to do so. Instead, he filed a Response that was riddled with inaccurate and fabricated case law and incredulously claimed his previous misrepresentations were the result of "software formatting artifacts, misunderstood reporter abbreviations, or omitted corrections from draft versions." ECF No. 38 at 7.

The Court further held a hearing and *again* provided Mr. Allen an opportunity to explain his misrepresentations—but he failed to provide a candid account or demonstrate an appreciation of the gravity of his conduct. Instead, he became obstinate. Hr'g Tr. 15:10-13 ("I just wasn't prepared to be thrown under the bus about character assassinations and everything else."). At this juncture, the Court finds there are no meaningful alternatives to dismissal. It could enter a second order that, once again, requires Mr. Allen—consistent with his obligations under the Federal Rules—to correct his misrepresentations and verify the accuracy of his legal and factual representations going forward. But the reality of repeating a willfully violated order is that it only delays the inevitable. Since this Court does not have to exhaust every conceivable sanction before finally dismissing a case, the Court concludes that there are no "possible and meaningful alternatives" to dismissal. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (citation omitted).

Finally, although the public policy favoring the disposition of cases on their merits cuts against dismissal, the Court notes that Mr. Allen has already admitted that his federal claims are barred by the applicable statute of limitations. In any event, the Court finds that this factor is greatly outweighed by the factors favoring dismissal.

In sum, Mr. Allen has willfully violated this Court's prior order and repeatedly attempted to mislead this Court in bad faith, and the Dispositive Sanction Factors weigh in favor of dismissal. Accordingly, the Court invokes its inherent powers to dismiss Mr. Allen's case with prejudice.

## IV.    CONCLUSION

Therefore, **IT IS HEREBY ORDERED** this case is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** Defendants' pending (ECF No. 34) Motion to Dismiss is **DENIED** as moot.

The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

**DATED:** March 31, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

- 11 -